IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01828-PAB-NRN

WESTLEY YBARRA,

    Plaintiff,

v.

JOHN/JANE DOE #1, Intelligence Officer, Sterling Correctional Facility,
ROBERT DICK, Case Manager III, Sterling Correctional Facility,
JOHN/JANE DOE #2, Associate Warden, Sterling Correctional Facility,
JOHN/JANE DOE #3, Warden, Sterling Correctional Facility,
JOHN/JANE DOE # 4, Intelligence Officer, Colorado State Penitentiary,
JOHN/JANE DOE # 5, Case Manager III, Colorado State Penitentiary,
JACKIE MCCALL, Associate Warden, Colorado State Penitentiary,
STEVE OWENS, Warden, Colorado State Penitentiary, and
EVA LITTLE, Lieutenant, Colorado Department of Corrections,

    Defendants.

## MOTION TO STRIKE UNTIMELY OBJECTIONS (DOC. 75)

Defendants, Robert Dick, Jackie McCall, Steve Owens and Eva Little, through the Colorado Attorney General, respectfully submit the following Motion to Strike Untimely Objections (Doc. 75). In support thereof, Defendants state as follows:

1.    Plaintiff, a pro se inmate who is currently incarcerated within the Colorado Department of Corrections (CDOC), brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated the Eighth Amendment by failing to take proper measures to protect him from a substantial risk of harm. *See* Doc. 8.

2.    Defendants filed a Motion to Dismiss, in which Defendants argued that (1) Plaintiff failed to exhaust his administrative remedies; (2) that his request for declaratory relief

1

should be dismissed as moot; (3) that Plaintiff's claims are time-barred; (4) that there are insufficient facts in Plaintiff's Amended Complaint to state the required elements of an Eighth Amendment violation; (5) that Plaintiff failed to establish Defendants' personal participation; and (6) that Defendants are entitled to qualified immunity.  Doc. 31.

3. The Motion to Dismiss was fully briefed, and on July 31, 2020, the Magistrate Judge issued a Recommendation that the motion be granted.  *See* Docs. 56, 64, and 72.

4. Accordingly, any objections to the Recommendation were due 14 days later, or by August 14, 2020.  *See* 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2).

5. The Magistrate Judge's Recommendation stated in bold type that the parties had 14 days "after service of this Recommendation" in which to file objections and that "[a] party's objections must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review." Doc. 72 at 13.

6. On August 20, 2020, the Article III Judge reviewed the Recommendation and noted that no objections had been filed.  Doc. 73 at 1.

7. The Court also noted that it could therefore review the Recommendation under any standard it deemed appropriate, and reviewed the motion for clear error on the face of the record.  *Id*. at 2.

8. Finding no clear error on the face of the record, the Court accepted the Recommendation, granted the Motion to Dismiss, dismissed the case without prejudice, and closed the case.  *Id*.

9. Four days later, on August 24, 2020, the Court docketed a filing by Plaintiff entitled Written Objections to the Recommended Summary Dismissal.  Doc. 75.

10. However, Plaintiff's objections were not docketed until 10 days after the deadline to submit the same had passed, and final judgment was entered against Plaintiff and the case closed. *See* Docs. 73 and 74.

11. Because Plaintiff is a pro se inmate, he may be entitled to the benefit of the prison mailbox rule, by which an inmate is deemed to have filed a document on the date that he places it in the prison legal mail system. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005).

12. Defendants' counsel has investigated whether Plaintiff utilized the prison legal mail system in this instance, and if so, whether his objections would be timely under the prison legal mailbox rule. They are not.

13. Plaintiff hand dated his objections as having been completed by him on August 15, 2020. *See* Doc. 75 at 12-13.

14. According to the prison legal mail log at the facility where Plaintiff is incarcerated, Plaintiff placed a document addressed to the United States District Court (and to opposing counsel) that was presumably the written objections in the prison legal mail system on August 16, 2020. *See* Exhibit A-1.

15. The document was in turn mailed on August 17, 2020. *See id*.

16. However, as noted, written objections were due by August 14, 2020.[1]

---

[1] Plaintiff's time for filing objections ran from the mailing date of the Court's Order, not the date Plaintiff physically received the order. Under Federal Rule of Civil Procedure Rule 5(b)(2)(C), service of papers in civil matters may be made by mailing, "in which event service is complete upon mailing." *See also Watson v. Mylan Pharm., Inc.*, 701 F. App'x 729, 731 (10th Cir. 2017) (motion to dismiss deemed timely when mailed on the service deadline). Although Plaintiff appears pro se, he is subject to the same rules and standards as other litigants. *See, e.g., Dona't v. Amazon.com/ Kindle*, No. 1:19-CV-01222-RM-KMT, 2020 WL 5105171, at *5 (D. Colo. Aug. 31, 2020).

17. Because Plaintiff did not place his objections into the prison legal mail until after the August 14, 2020 deadline to file the same had already passed, his objections are not timely.

18. Objections to a magistrate judge's recommendations must be timely filed to preserve an issue for de novo review by the district court. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit employs a firm waiver rule when a party either does not object or does not timely object to the recommendations of a magistrate judge. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008).

19. The firm waiver rule has several exceptions, including when the inmate has not been informed of the time period for objecting and the consequences for failing to object, or when the interests of justice do not warrant its application. *Id.*; *Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) (unpublished) (quoting *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006)). When considering whether the interests of justice warrant de novo review of late-filed objections to a magistrate judge's recommendations, courts may consider the litigant's efforts to timely comply, the litigant's explanation for falling short of compliance, and the significance of the issues. *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005).

20. Here, Plaintiff was expressly informed of the time period in which to object and the consequences of failing to do so. Doc. 72 at 13.

21. In addition, Plaintiff has not even formally asked the Court to extend the deadline to submit written objections, let alone made a showing as to these factors.

22. Accordingly, no exception to the firm waiver rule applies, and Plaintiff's written objections should be stricken as untimely.

23. Alternatively, if the Court declines to strike Plaintiff's written objections as untimely and permits them to be considered out-of-time, or if the Court converts them into a

4

motion pursuant to Fed. R. Civ. P. 59(e), Defendants request that the Court grant them 14 days to file a response after the Court rules on the Motion to Strike.

**WHEREFORE**, Defendants respectfully request that the Court strike Plaintiff's Written Objections to the Recommended Summary Dismissal as untimely filed.

Respectfully submitted this 11th day of September 2020.

                                                                     PHILIP J. WEISER
                                                                       Attorney General

                                                                       *s/Nicole Gellar*
                                                                       NICOLE S. GELLAR*
                                                                       First Assistant Attorney General
                                                                       Civil Litigation & Employment Section
                                                                       Attorneys for Defendants
                                                                       1300 Broadway, 10th Floor
                                                                       Denver, CO  80203
                                                                       Telephone:  (720) 508-6014
                                                                       FAX:  (720) 508-6032
                                                                       Email:  Nicole.gellar@coag.gov
                                                                       *Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September 2020, I electronically filed the foregoing Motion for Clarification with the Clerk of Court using the CM/ECF system and on the 15th day of September 2020, I mailed copies of the foregoing via the United States mail, postage prepaid, at Denver, Colorado to the following email address:

| | |
|---|---|
| Westley Ybarra, # 134751<br>Arkansas Valley Correctional Facility<br>12750 Highway 96 @ Lane 13<br>Ordway, Colorado 81034 | *Courtesy Copies:*<br>Adrienne Sanchez, CDOC |

                                                                      s/ *Elle DiMuro and Mariah Cruz-Nanio*