IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01828-PAB-NRN

WESTLEY YBARRA,

    Plaintiff,

v.

JOHN/JANE DOE #1, Intelligence Officer, Sterling Correctional Facility,
ROBERT DICK, Case Manager III, Sterling Correctional Facility,
JOHN/JANE DOE #2, Associate Warden, Sterling Correctional Facility,
JOHN/JANE DOE #3, Warden, Sterling Correctional Facility,
JOHN/JANE DOE #4, Intelligence Officer, Colorado State Penitentiary,
JOHN/JANE DOE #5, Case Manager III, Colorado State Penitentiary,
JACKIE MCCALL, Associate Warden, Colorado State Penitentiary,
STEVE OWENS, Warden, Colorado State Penitentiary, and
EVA LITTLE, Lieutenant, Colorado Department of Corrections,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on plaintiff's Motion for Reconsideration of Recommendation Based on Mail Delay [Docket No. 77]. In light of plaintiff's *pro se* status, the Court construes his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On July 31, 2020, Magistrate Judge N. Reid Neureiter recommended that the Court grant defendants' motion to dismiss amended complaint, Docket No. 31, due to plaintiff's lack of administrative exhaustion. Docket No. 72 at 12. The magistrate judge converted the motion to dismiss into a motion for summary judgment because both parties asked the Court to consider materials outside the amended complaint. Docket

No. 72 at 4. On August 20, 2020, having received no objections to the magistrate judge's recommendation (the "recommendation") from either party, the Court reviewed it for clear error and, finding none, accepted it. Docket No. 73. Final judgment entered against plaintiff on August 21, 2020. Docket No. 74.

On August 24, 2020, the Court docketed objections by plaintiff to the recommendation. Docket No. 75. On September 11, 2020, defendants Robert Dick, Eva Little, Jackie McCall, and Steve Owens filed a motion to strike plaintiff's objections as untimely. Docket No. 76. On September 16, 2020, plaintiff filed a motion for reconsideration of the recommendation based on mail delay. Docket No. 77. On September 28, 2020, plaintiff filed a response to defendants' motion to strike his objection as untimely. Docket No. 78. On September 29, 2020, defendants filed a motion to withdraw their motion to strike untimely objections and requested clarification of the case status. Docket No. 79. On November 2, 2020, plaintiff filed a request for status update. Docket No. 80.

The Court construes plaintiff's motion for reconsideration as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion to reconsider filed within ten days after entry of judgment is considered a Fed. R. Civ. P. 59(e) motion."); *see also* Fed. R. Civ. P 59(e) advisory committee's note to 2009 amendment (the former ten day periods in Rule 59 are expanded to 28 days). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Such a motion is appropriate in the event of "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct

2

clear error or prevent manifest injustice," and may be granted "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. "Clear error is '(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Etherton v. Owners Ins. Co.,* No. 10-cv-00892-PAB-KLM, 2013 WL 5443068, at *1 (D. Colo. Sept. 30, 2013) (quoting *United States v. Farr*, 701 F.3d 1274, 1286 (10th Cir. 2012)). The decision to grant or deny a Rule 59 motion is committed to the Court's discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff requests that the Court reconsider its judgment because he mailed his objection within seventeen days of the issuance of the magistrate judge's recommendation. *See* Docket No. 77. Under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), parties have fourteen days after service of a recommendation to file written objections. Under Fed. R. Civ. P. 6(d), when a party must act within a specific time after being served, and service is by mail, three days are added to the period. *See Freels v. Long*, No. 18-cr-1315-WJM-STV, 2020 WL 139918, at *1 n.1 (D. Colo. Jan. 13, 2020) (deeming timely an objection placed in the prison mail seventeen days after the recommendation was mailed to prisoner). Under the "prison mailbox rule," a *pro se* prisoner's filing is considered timely if given to prison officials for mailing prior to the filing deadline. *See Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005).

The magistrate judge issued the recommendation on July 31, 2020, Docket No. 72; seventeen days after July 31, 2020 was August 17, 2020. According to the prison

3

mail log, plaintiff placed his objection in the prison mail system on August 16, 2020, and it was mailed on August 17, 2020, making his objection timely.  *See* Docket No. 77 at 11.  In order to prevent clear error, the Court will grant plaintiff's motion to reconsider the Court's judgment.  *See Servants of the Paraclete*, 204 F.3d at 1012.  For the foregoing reasons, it is

ORDERED that plaintiff's Motion for Reconsideration of Recommendation Based on Mail Delay [Docket No. 77] is **GRANTED**.  It is further

ORDERED that the Order Accepting Magistrate Judge's Recommendation [Docket No. 73] and the Final Judgment [Docket No. 74] are **VACATED** and this case is reopened.  It is further

ORDERED that plaintiff's Written Objections to Recommended Summary Dismissal [Docket No. 75] is accepted as timely.  It is further

ORDERED that defendants' Notice of Withdrawal of Motion to Strike Untimely Objections (Doc. 75) and Request for Clarification of Case Status [Docket No. 79] is **GRANTED**.  It is further

ORDERED that defendants' Motion to Strike Untimely Objections (Doc. 75) [Docket No. 76] is deemed withdrawn.  It is further

ORDERED that plaintiff's Request for Status Update [Docket No. 80] is **DENIED as moot**.  It is further

**ORDERED** that defendants shall file any response to plaintiff's Written Objection to Recommended Summary Dismissal [Docket No. 75] on or before **November 27, 2020**.

DATED November 13, 2020.

                                                  BY THE COURT:

                                                  PHILIP A. BRIMMER
                                                  Chief United States District Judge