IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01828-PAB-NRN

WESTLEY YBARRA,

    Plaintiff,

v.

JOHN/JANE DOE #1, Intelligence Officer, Sterling Correctional Facility,
ROBERT DICK, Case Manager III, Sterling Correctional Facility,
JOHN/JANE DOE #2, Associate Warden, Sterling Correctional Facility,
JOHN/JANE DOE #3, Warden, Sterling Correctional Facility,
JOHN/JANE DOE #4, Intelligence Officer, Colorado State Penitentiary,
JOHN/JANE DOE #5, Case Manager III, Colorado State Penitentiary,
JACKIE MCCALL, Associate Warden, Colorado State Penitentiary,
STEVE OWENS, Warden, Colorado State Penitentiary, and
EVA LITTLE, Lieutenant, Colorado Department of Corrections,

    Defendants.
_____

# ORDER
_____

    This matter is before the Court on plaintiff's Request to Stay Proceedings [Docket No. 89]. In light of plaintiff's *pro se* status, the Court construes his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Defendants have not filed a response to the motion.

    On July 31, 2020, Magistrate Judge N. Reid Neureiter recommended that the Court grant defendants' motion to dismiss the amended complaint, Docket No. 31, due to plaintiff's failure to exhaust administrative remedies. Docket No. 72 at 12. On August 20, 2020, having received no objections to the magistrate judge's recommendation from either party, the Court reviewed it for clear error and, finding

none, accepted it. Docket No. 73. Final judgment entered against plaintiff on August 21, 2020. Docket No. 74.

On August 24, 2020, the Court docketed objections by plaintiff to the recommendation. Docket No. 75. On September 11, 2020, defendants Robert Dick, Eva Little, Jackie McCall, and Steve Owens filed a motion to strike plaintiff's objections as untimely. Docket No. 76. On September 16, 2020, plaintiff filed a motion for reconsideration of the recommendation based on mail delay. Docket No. 77. On September 28, 2020, plaintiff filed a response to defendants' motion to strike his objection as untimely. Docket No. 78. On September 29, 2020, defendants filed a motion to withdraw their motion to strike untimely objections and requested clarification of the case status. Docket No. 79. On November 13, 2020, the Court vacated the final judgment and reopened the case. Docket No. 81. The Court gave defendants until November 27, 2020 to file a response to plaintiff's objections to the recommendation. *Id.* at 5. Defendants filed a motion for extension of time, which the Court granted. Docket Nos. 84, 86. Defendants' response is now due on or before December 11, 2020. Docket No. 86.

Plaintiff filed a motion to stay proceedings in this case due to a lockdown at the Arkansas Valley Correctional Facility ("AVCF") where he is incarcerated, which prevents him from accessing the law library. Docket No. 89 at 4. Plaintiff indicates that, on November 11, 2020, AVCF "went on total lockdown." Docket No. 89 at 1. Since then, plaintiff has had no access to the law library and has been denied access by prison staff to the forms provided by the Colorado Department of Corrections ("CDOC") for use in situations where physical access to the library is not possible. *Id.* at 2. Plaintiff

alleges that he cannot adequately reply to defendants' forthcoming response because he cannot conduct research. *Id.* at 2-3. Further, no party will be prejudiced because defendants have received extensions and due to the fullness of the Court's schedule. *Id.* at 3.

It is well-established that a court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Stays of all proceedings in a case are thus "generally disfavored in this District" and are considered to be "the exception rather than the rule.*" Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015). A stay may, however, be appropriate in certain circumstances. In determining whether to grant or deny a stay, courts in this district consider the following factors (the "*String Cheese Incident* factors"): "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

Plaintiff does not address the *String Cheese Incident* factors specifically, but the Court will consider his arguments within this framework. Plaintiff is the party moving for

a stay, and claims he will prejudiced without one. Docket No. 89. Factor one thus weighs in favor of a stay. The ordinary burdens associated with litigation do not constitute undue burden, *see Collins v. Ace Mortgage Funding, LLC*, No. 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008), but the Court finds that a stay would be an additional burden to defendants. This case has been reopened due to delay in receiving plaintiff's objections to the magistrate judge's recommendation. Docket No. 81 at 4. To enter an indefinite stay would create a burden on defendants.

The Court recognizes that the delay caused by a stay "makes the Court's docket less predictable, and hence, less manageable." *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010). To enter a stay until plaintiff either has access to the law library or is provided with the necessary forms by prison staff would make the Court's docket predicated on the severity of the COVID-19 pandemic and the prison lockdowns resulting from it, greatly enhancing unpredictability. The Court is aware of no third parties with interests in this litigation, making factor four neutral. The only interest the public has in this case is in the speedy resolution of legal disputes. *Prison Legal News v. Fed Bureau of Prisons*, No. 15-cv-02184-RM-STV, 2017 WL 10619942, at *13 (D. Colo. Feb 23, 2017).

Based on the following factors, and given the general presumption against stays, *see Davidson*, 2015 WL 5444308, at *1, the Court finds that a stay is unwarranted here. However, given the difficulties identified by plaintiff, the Court will grant him an extension to file a reply to defendants' forthcoming response to plaintiff's objections. The Court will grant plaintiff a fourteen day extension from the date of filing of defendants' response to plaintiff's objections to the magistrate judge's recommendation.

4

Therefore, any reply to defendants' response will be due on or before 28 days after the filing of defendants' response.  Accordingly, it is

**ORDERED** that plaintiff's Request to Stay Proceedings [Docket No. 89] is **DENIED***.*  It is further

**ORDERED** that any reply by plaintiff to defendants' forthcoming response to plaintiff's objections to the magistrate judge's July 31, 2020 recommendation is due on or before 28 days after filing of defendants' response.

DATED December 4, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge