IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01828-PAB-NRN

WESTLEY YBARRA,

    Plaintiff,

v.

JOHN/JANE DOE #1, Intelligence Officer, Sterling Correctional Facility,
ROBERT DICK, Case Manager III, Sterling Correctional Facility,
JOHN/JANE DOE #2, Associate Warden, Sterling Correctional Facility,
JOHN/JANE DOE #3, Warden, Sterling Correctional Facility,
JOHN/JANE DOE #4, Intelligence Officer, Colorado State Penitentiary,
JOHN/JANE DOE #5, Case Manager III, Colorado State Penitentiary,
JACKIE MCCALL, Associate Warden, Colorado State Penitentiary,
STEVE OWENS, Warden, Colorado State Penitentiary, and
EVA LITTLE, Lieutenant, Colorado Department of Corrections,

    Defendants.
_____

# ORDER
_____

This matter is before the Court on the Report and Recommendation on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Dt. #31) [Docket No. 72].

## I. BACKGROUND

Plaintiff is a prisoner in the custody of the Colorado Department of Corrections ("CDOC"). Before he entered CDOC custody, plaintiff testified against a 211 gang member in a murder trial, requiring him to be separated from any 211 gang member inmates or other white supremacist groups. Docket No. 8 at 8. This case arises out of assaults by 211 gang members that plaintiff sustained in custody. *See id.* at 8-16.

Plaintiff's amended complaint brings claims against defendants for deliberate indifference to plaintiff's security issues and failure to protect in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. *Id.* at 16-25.

On November 12, 2019, defendants Robert Dick, Eva Little, Jack McCall, and Steve Owens filed a motion to dismiss because, *inter alia*, plaintiff failed to exhaust his administrative remedies. Docket No. 31 at 5-9. Plaintiff responded. Docket No. 56. Because both parties asked the Court to consider materials outside the pleadings, Magistrate Judge N. Reid Neureiter converted the motion to dismiss into a motion for summary judgment and provided notice to the parties. Docket No. 67. Plaintiff submitted a supplemental brief. Docket No. 71.

On July 31, 2020, the magistrate judge recommended that the Court grant defendants' motion to dismiss the amended complaint, converted to a motion for summary judgment, due to plaintiff's failure to exhaust administrative remedies. Docket No. 72 at 12. On August 20, 2020, having received no objections to the magistrate judge's recommendation, the Court reviewed it for clear error and, finding none, accepted it. Docket No. 73. Final judgment entered against plaintiff on August 21, 2020. Docket No. 74.

On August 24, 2020, the Court docketed objections by plaintiff to the recommendation. Docket No. 75. On September 16, 2020, plaintiff filed a motion for reconsideration of the recommendation based on mail delay. Docket No. 77. On November 13, 2020, the Court vacated the final judgment and reopened the case. Docket No. 81. On December 11, 2020, defendants Eva Little, Jack McCall, Steve Owens, and Robert Dick filed a response to plaintiff's objections. Docket No. 91. On

April 1, 2020, plaintiff filed a reply.[1]  Docket No. 100.

The magistrate judge's recommendation states the undisputed facts that form the basis for the recommendation to grant defendants' motion to dismiss.  *See* Docket No. 72 at 2-3.  The Court adopts these facts for the purpose of resolving plaintiff's objection to the magistrate judge's recommendation.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Bausman v. Interstate Brands Corp.*, 252 F.3d

---

[1] On November 30, 2020, plaintiff filed a motion to stay proceedings in this case due to a lockdown at the Arkansas Valley Correctional Facility ("AVCF"), where he is incarcerated.  Docket No. 89.  The Court denied the motion, but granted plaintiff an additional fourteen days to file a reply to defendants' response, making plaintiff's reply due January 8, 2021.  Docket No. 90 at 5.  On December 24, 2020, plaintiff filed a motion for reconsideration of the order denying the stay or, in the alternative, a motion for the appointment of counsel.  Docket No. 92.  Plaintiff represented that he had tested positive for COVID-19, was on a compressor nebulizer system to assist his breathing, and was suffering from difficulty breathing, loss of taste and smell, muscle soreness and body aches, headaches, sinus dysfunction, and diarrhea.  *Id.* at 2.  Plaintiff submitted his COVID-19 test results showing a positive test on December 9, 2020.  *Id.* at 5.  On April 1, 2021, plaintiff submitted a late reply.  *See* Docket No. 100.  However, in order to evaluate the evidence in the light most favorable to plaintiff, the Court will accept plaintiff's reply for filing, and therefore will deny plaintiff's motion for reconsideration as moot.  Additionally, the Court will grant plaintiff's motion for leave to exceed page limitations [Docket No. 100] in his reply.

1111, 1115 (10th Cir. 2001) (internal quotation marks omitted) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). Because plaintiff's objection is timely and specific, the Court will review the recommendation de novo.[2] In light of plaintiff's *pro se* status, the Court construes his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[2] As discussed above, although the objection was not docketed until after final judgment entered, the Court has since vacated the final judgment and accepted plaintiff's objections as timely. *See* Docket No. 81 at 4.

4

## III. ANALYSIS

Defendants moved to dismiss plaintiff's claims because, *inter alia*, plaintiff did not exhaust his administrative remedies before filing suit. Docket No. 31 at 5-9. In response, plaintiff argued that administrative remedies were not available because CDOC policy does not allow prisoners to submit grievances for protective custody placement. Docket No. 56 at 5.

A prisoner must "exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). An administrative remedy, though officially on the books, is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," (2) it is "so opaque that it becomes, practically speaking, incapable of use," and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

The magistrate judge found that, though filing a grievance for plaintiff's requested remedy of protective custody would be have been futile, under 10th Circuit and Supreme Court precedent plaintiff's failure to exhaust was not excused because he could have used the grievance procedure to request other remedies arising out CDOC's failure to protect him from unsafe conditions. Docket No. 72 at 9-10, 12. Additionally, the magistrate judge found that the third exception to the requirement to exhaust administrative remedies identified in *Ross* did not apply. *Id.* at 11-12.

Plaintiff objects on the following grounds: (1) plaintiff exhausted his administrative remedies to the fullest extent permitted by CDOC staff, and (2) other inmates have been "unreasonably deterred" by the same procedure as plaintiff. Docket No. 75 at 2.

Plaintiff made the argument that he was prevented from fully exhausting his administrative remedies by CDOC staff in his responses to defendants' motion to dismiss. *See, e.g.*, Docket No. 56 at 5 ("Defendant's [sic] at each facility where those claims arose cited CDOC policy stating that protective custody placement is not a *grievable* issue."); Docket No. 71 at 11 ("Plaintiff complied with the requirements of the CDOC's grievance procedure, AR 850-04, as far as that procedure, and SCF and CSP staff would allow."). Plaintiff objects that he tried to file grievances regarding protective custody but prison officials refused to provide him with the formal grievance document because protective custody decisions are not grievable.[3] Docket No. 75 at 3-5. Plaintiff states that he filled out AR 850-04A and discussed his non-grievable protective housing issue with defendant Dick and defendant Jane Doe #5, but that a case manager would not give him a step 1 AR 850-04B form to initiate a formal grievance because the issue was non-grievable. *Id.* at 7-8.

The magistrate judge considered substantially the same argument and found that, though plaintiff could not grieve his protective custody placement, he was required to grieve CDOC's failure to protect him from unsafe living conditions. Docket No. 72 at 10, 12.

---

[3] Plaintiff additionally objects that the informal AR 850-04A forms are, contrary to CDOC policy, not kept as records. Docket No. 75 at 5-6.

> Even where the "available" remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Booth,* 532 U.S. at 740 (holding that even where an inmate sought money damages and the grievance process did not permit such awards, exhaustion was required as long as there was authority to take some responsive action). The Court held that Congress had eliminated both discretion to dispense with administrative exhaustion and the condition that it be "plain, speedy, and effective." *Id. See also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("PLRA's exhaustion requirement applies to all inmate suits about prison life").

*Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Plaintiff's objection is based upon his assertion that, because protective custody was not available through the grievance procedure, none of his requested relief was available. *See* Docket No. 75 at 4, 9. However, as the magistrate judge noted, plaintiff "was entitled to use th[e grievance] procedure to request other remedies arising out of the failure to protect him from unsafe conditions of confinement that form the basis of his lawsuit." Docket No. 72 at 12.

Plaintiff's argument that the only relief he requested in his grievances was protective custody placement, Docket No. 100 at 12-13, misses the mark because plaintiff brings claims against defendants for unsafe conditions, yet he did not administratively exhaust his grievance for unsafe living conditions. Plaintiff's conclusory assertion that CDOC could not provide any relief on these claims is insufficient to create a genuine dispute in light of the affidavit of CDOC grievance officer Anthony DeCesaro, which states that an inmate may file a grievance for placing him in an unsafe living condition or failing to protect him. Docket No. 31-1 at 3, ¶ 10. Although plaintiff sought protective custody placement in his grievances, in this suit his claims allege failure to protect and placement in unsafe living conditions, which are grievable

7

issues. *See Mercado v. Warden S.C.F.*, No. 19-cv-03459-SKC, Docket No. 38 at 2 n.1 (D. Colo. Apr. 8, 2021) ("Plaintiff's allegations go beyond a challenge to his classification. He alleges the Defendants knew of the risks to Plaintiff's safety and yet failed to protect him from the threats of violence (and ultimate injuries) from other prisoners. These allegations of deliberate indifference— which form the basis of his Eighth Amendment claim—*are* subject to the grievance process."). The magistrate judge noted that other types of remedies, like assurances that the abuse would not continue, were available through the grievance procedure. *See* Docket No. 72 at 9, 11. Plaintiff argues that no remedy besides placement in protective custody would be sufficient, *see* Docket No. 71 at 13; Docket No. 75 at 3-4, and in his reply, plaintiff attempts to distinguish the cases cited by the magistrate judge by arguing that no additional remedy besides protective custody was available in this case. Docket No. 100 at 9-11. However, this argument fails because plaintiff's allegations of failure to protect are grievable. *See Pinson v. Watkins*, 2007 WL 1394146, at *2-3 (W.D. Okla. May 9, 2007) (stating that though inmate moves or transfers were not grievable, plaintiff was still required to exhaust claim for failure to protect because other remedies, like enhanced security for the plaintiff, were available). Therefore, the grievance procedure was available to plaintiff and he was required to administratively exhaust before bringing suit.

Plaintiff's second objection is that the grievance procedure was unavailable to him because of the third exception in *Ross*: CDOC staff deterred plaintiff from filing a grievance by threat or machination. Docket No. 75 at 9. To defeat defendants' motion

for summary judgment under this exception, plaintiff "must produce specific facts that show there is a genuine issue of fact as to whether (1) the threat, machination, or intimidation actually did deter him from lodging a grievance and (2) the threat, machination, or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance." *May v. Segovia*, 929 F.3d 1223, 1235 (10th Cir. 2019) (internal quotation marks and alterations omitted). The magistrate judge expressed doubt that plaintiff had satisfied the first prong but determined that, even if he had, plaintiff had not made any allegations that other inmates had been deterred. Docket No. 72 at 11-12.

In his objection, plaintiff provides four cases where he alleges that other inmates have been deterred from filing grievances related to protective custody. Docket No. 75 at 10-11. However, plaintiff did not present this evidence to the magistrate judge, and the Court exercises its discretion to decline to consider it.[4] *See* Fed. R. Civ. P. 72(b)(3) ("The district judge may . . . receive further evidence."); *Henderson v. Echostar Commc'ns Corp.*, 172 F. App'x 892, 895 (10th Cir. 2006) (unpublished) (whether to consider new evidence in objection to a magistrate judge recommendation is committed to the "sound discretion of the district court"); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld

---

[4] In his reply, plaintiff argues that he never alleged CDOC staff was preventing or thwarting him from filing a grievance, but rather were simply following CDOC policy, which states that protective custody classifications are not grievable. Docket No. 100 at 6-7. This further supports the Court's decision not to consider this additional evidence, as it suggests plaintiff does not wish to make the argument that he was misled or prevented from filing grievances.

9

the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review."). Accordingly, plaintiff cannot meet the second prong, and the Court will overrule plaintiff's objections.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Reconsideration [Docket No. 92] is **DENIED as moot**. It is further

**ORDERED** that plaintiff's Motion for Leave to Exceed Page Limitations [Docket No. 100] is **GRANTED**. It is further

**ORDERED** that the Report and Recommendation on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Dt. #31) [Docket No. 72] is **ACCEPTED**. It is further

**ORDERED** that plaintiff's Written Objections to Recommended Summary Dismissal [Docket No. 75] are **OVERRULED**. It is further

**ORDERED** that plaintiff's Amended Prisoner Complaint [Docket No. 8] is **DISMISSED without prejudice**. It is further

**ORDERED** that this case is closed.

DATED July 7, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge